# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GARY W. FARRIS,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Civil Case No. 10-3006-CV-S-RED |
| | ) | Crim. Case No. 03-3163-01-CR-S-RED |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Petitioner Gary Farris' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1), the Government's Motion to Dismiss Movant's § 2255 Motion (Doc. 4), and Petitioner's Motion to Strike the Government's Reply to Petitioner's Pro se Response (Doc. 14). After careful consideration, Petitioner's § 2255 motion is **DENIED** (Doc. 1), the Government's Motion to Dismiss Movant's § 2255 Motion is **GRANTED** (Doc. 4), and Petitioner's Motion to Strike the Government's Reply to Petitioner's Pro se Response is **DENIED** (Doc. 14).

## BACKGROUND

On August 30, 2004, Petitioner Gary Farris (hereinafter "Petitioner") pleaded guilty to a two-count indictment charging him with being a felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and being in possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1). On November 24, 2004, this Court sentenced Petitioner to 115 months of imprisonment on Count One, and 60 months of imprisonment on Count Two, with the sentences to run concurrently. Petitioner filed an appeal, and the Eighth Circuit Court of Appeals affirmed Petitioner's sentence on June 5, 2006. On October 10, 2006, the United States

Supreme Court denied Petitioner's petition for writ of certiorari.

Petitioner placed the present motion in the prison mailing system on December 29, 2009.

## **ANALYSIS**

**I.      Petitioner's Motion is Untimely**

In its motion to dismiss, the Government argues Petitioner's § 2255 motion should be dismissed as untimely. Motions brought under 28 U.S.C. § 2255 are subject to a one-year statute of limitations that runs from the latest of four possible dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Government argues Petitioner's limitation period began to run on October 10, 2006, the day his petition for writ of certiorari was denied by the Supreme Court. *See United States v. McIntosh*, 332 F.3d 550, 550-51 (8th Cir. 2003) (judgment of conviction is final, and § 2255 limitation period begins to run, on date Supreme Court denies certiorari petition). Since Petitioner did not place the present motion in the prison mailing system until December 29, 2009, more than two years after the one year period of limitations expired on October 10, 2007, the

Government argues Petitioner's motion is untimely. In response, Petitioner argues his limitation period should be tolled. After review, the Court agrees with the Government, and finds Petitioner's motion is untimely and due for dismissal.

As noted, Petitioner argues the doctrine of equitable tolling should apply to render his § 2255 motion timely. Specifically, Petitioner argues his limitation period should not begin to run until December 2009, when "he [finally] ha[d] access to a law library through a computer system and other knowledgeable inmates available (to access the computer)." While the rule of equitable tolling applies to the one-year filing deadline for § 2255 motions, the doctrine "is only appropriate in instances where extraordinary circumstances beyond a petitioner's control prevent timely filing." *E.J.R.E. v. United States*, 453 F.3d 1094, 1098 (8th Cir. 2006). Courts have explained that equitable tolling "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Petitioner meets neither prong of the standard.

First, Petitioner has failed to assert an extraordinary circumstance justifying equitable tolling. Petitioner argues the state and federal facilities he was placed in during 2008 and 2009 offered little access to legal materials. It was not until December of 2009 that Petitioner claims he had access to the inmate internet and computer systems that contained access to law libraries, and access to other "knowledgeable inmates" who were familiar with the use of these materials. Petitioner also argues he was not able to keep directly updated on the relevant case law because he was not able to obtain post-conviction counsel. The impediments Petitioner asserts, including prisoner transfers, foiled

attempts to obtain post-conviction counsel, and limited access to legal papers and law libraries, are common to many prisoners during their terms of imprisonment. As a general matter, the asserted impediments do not constitute "extraordinary circumstances" so as to warrant equitably tolling the statute of limitations. *Jackson v. Ault*, 452 F.3d 734, 736-37 (8th Cir. 2006) ("We do not consider an attempt to obtain counsel to be the type of extraordinary circumstance that would act to toll the AEDPA statute of limitations")[1]; *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) (limited access to law library is insufficient circumstance to justify equitable tolling); *United States v. Sanchez-Garcia*, No. 8:03CR505, 2009 WL 297003, at *2 (D. Neb. Feb. 5, 2009) (noting that lockdowns, security transfers, and lost legal papers "parallel the common obstacles most petitioners face in filing their § 2255 [m]otions[, and] [a]s a result, none of these obstacles constitutes 'extraordinary circumstances'"); *see also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Moreover, Petitioner does not allege he had no access to law libraries during this multi-year period, just limited access, and he failed to present any evidence that he diligently pursued his rights through the available means. *Sanchez-Garcia*, 2009 WL 297003, at *2 (noting petitioner's "failure to take any action in the pursuit of the materials he deems necessary to complete his § 2255 [m]otion is fatal to his request now for the application of equitable tolling"); *see Diaz-Diaz v. United States*, 297 F. App'x 574, 576 (8th Cir. 2008) (noting delay in seeking legal materials "cuts against [a petitioner's] claim for equitable tolling"). On review, the Court finds Petitioner fails to meet both

---

[1] Petitioner has no right to have counsel's assistance in preparing a § 2255 motion. *See Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991). As such, any ineffective assistance of counsel Petitioner may claim also does not warrant equitable tolling. *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002).

prongs of the standard, and equitable tolling is not warranted in this case.

With no tolling applicable, Petitioner's motion is untimely unless it was filed within one year of the four possible dates listed in 28 U.S.C. § 2255(f). As noted above, Petitioner's conviction became final on October 10, 2006, meaning he had until October 10, 2007 if that is the latest applicable starting point. The only other possible date Petitioner's limitation period could have started from in this case is from "the date on which [an asserted right] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Petitioner's primary argument for relief is that auto tampering is no longer a crime of violence in light of *Begay v. United States*, 553 U.S. 137 (2008). Even assuming *Begay* recognized a statutory "right," the Supreme Court did not state that *Begay* was retroactively applicable to cases on collateral review, and multiple district courts in the Eighth Circuit have found it does not apply retroactively. *See, e.g., U.S. v. Johnson*, No. 04-269 (MJD/AJB), 2009 WL 2611279, at *3-4 (D. Minn. Aug. 24, 2009); *Sun Bear v. United States*, No. CIV 08-3021, 2009 WL 2033028, at *3-5 (D.S.D. July 9, 2009). Moreover, *Begay* was decided on April 16, 2008, meaning Petitioner would have had to file his § 2255 motion by April 16, 2009, if that were the date from which the limitations period began. *See Alsup v. United States*, Civil No. 09-3266-CV-S-RED, 2010 WL 376990, at *2 n.1 (W.D. Mo. Jan. 26, 2010). Since Petitioner did not place his § 2255 motion in the prison mailing system until December 29, 2009, he filed the motion out of time even if *Begay* provided a newly recognized right that was retroactively applicable to Petitioner's case (and sufficient to trigger 28 U.S.C. § 2255(f)(3)) on collateral review.

Accordingly, Petitioner's § 2255 motion is outside the applicable limitations period, and must be DENIED.

**II.     Petitioner's Motion to Strike**

5

Petitioner also seeks to strike the Government reply brief. However, Petitioner presents nothing that merits striking the Government's brief. Petitioner's motion is **DENIED**.

## **CONCLUSION**

For the reasons stated herein, Petitioner Gary Farris' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED** (Doc. 1), the Government's Motion to Dismiss Movant's § 2255 Motion is **GRANTED** (Doc. 4), and Petitioner's Motion to Strike the Government's Reply to Petitioner's Pro se Response is **DENIED** (Doc. 14).

**IT IS SO ORDERED**.

DATED: May 6, 2010         */s/ Richard E. Dorr*
                           RICHARD E. DORR, JUDGE
                           UNITED STATES DISTRICT COURT